Larry W. Lee (State Bar No. 228175)
Kristen Agnew (State Bar No. 247656)
Nicholas Rosenthal (State Bar No. 268297)
Max W. Gavron (State Bar No. 291697)
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa St., Suite 1250
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ANGUIANO, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MANN PACKING CO., INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:19-CV-02133-VKD<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES FOR:**<br><br>(1) **VIOLATION OF LABOR CODE §§ 510 AND 1194;**<br>(2) **VIOLATION OF LABOR CODE §§ 226.7, 1174, 1198, AND 1199;**<br>(3) **VIOLATION OF LABOR CODE § 226.7;**<br>(4) **VIOLATION OF LABOR CODE § 226;**<br>(5) **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200,** *ET SEQ.;*<br>(6) **VIOLATION OF LABOR CODE § 2698,** *ET SEQ.*<br><br>**DEMAND OVER $25,000** |

Plaintiff Maria Anguiano ("Plaintiff"), hereby submits this Class Action Complaint against Defendants Mann Packing Co., Inc. ("Mann Packing" or "Defendant"), and Does 1-50 (hereinafter collectively referred to as "Defendants"), as an individual and on behalf of the Class of all other similarly situated current and former employees of Defendants for penalties and/or

damages for failure to pay all overtime wages for hours worked, failure to provide off-duty meal and rest periods, failure to provide accurate itemized wage statements, and restitution for unfair business practices in violation of Business and Professions Code § 17200, *et seq.*, as follows:

**INTRODUCTION**

1. This class action is within the Court's jurisdiction under California Labor Code §§ 226, 226.7, 510, 1174, 1194, 1197, 1198, 1199, and 2698 *et seq.*, the California Industrial Welfare Commission's ("IWC") Wage Orders, and the California Unfair Competition Law (the "UCL"), codified at California Business and Professions Code § 17200, *et seq.*

2. This Complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code and Business and Professions Code against employees of Defendants.

3. Plaintiff is informed and believes and based thereon alleges that Defendants jointly and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by failing to pay overtime wages for all hours worked, failing to provide off-duty meal and rest breaks, and failing to keep accurate records as to Plaintiff and the Class.

4. Plaintiff is informed and believes and based thereon alleges that Defendants have engaged in, among other things a system of willful violations of the California Labor Code, Business and Professions Code, and applicable IWC Wage Orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

5. The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code and the California Business and Professions Code.

**JURISDICTION AND VENUE**

6. As set forth in Defendant's Notice of Removal, Defendant contends that this Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331 because Defendant raises a

1  preemption defense based on the Labor Relations Management Act ("LMRA"). Plaintiff challenges that this Court has jurisdiction because her claims are based solely on rights afforded by the California Labor Code, as explained in her Motion for Remand. (Dkt. No. 17.)

7. Defendant filed its Notice of Removal in this Court, and, thus, Defendant contends that this Court is the proper venue for this action. Plaintiff contends that venue is proper in Monterey County Superior Court because Defendants' headquarters are located in this County and Defendants have employees working in Monterey County.

## PARTIES

8. Plaintiff began working for Defendants on or about October 19, 1995. Plaintiff worked as a general laborer in Defendants' foodservice plant. Plaintiff was and is the victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived her of the rights guaranteed by California Labor Code §§ 226, 226.7, 510, 1174, 1194, 1197, 1198, 1199, and 2698 *et seq.*, and the applicable IWC Wage Orders, and the UCL. Plaintiff alleges these rights are independent of, and separate from, any rights or duties conferred by any applicable collective bargaining agreement.

9. Plaintiff is informed and believes and based thereon alleges that Defendant Mann Packing Co., Inc. was and is a California corporation doing business in the State of California providing fresh packaged produce and other food items for sale in grocery stores and other retailers throughout the United States. Plaintiff is informed and believes and based thereon alleges that Defendants maintains their headquarters in Salinas, California.

10. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendant Man Packing Co., Inc. and DOES 1 through 50 are and were business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

11. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Code §§ 226, 226.7, 510, 1174, 1194, 1197, 1198, 1199, and 2698 *et seq.*, the IWC Wage Orders, and the UCL.

12. Plaintiff does not know the true names or capacities, whether individual, partner

or corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

13. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

14. Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

15. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

16. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided

and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

17. **Definition:** The named individual Plaintiff seeks class certification, pursuant to California Code of Civil Procedure § 382 of the following classes and subclasses:

   a. All current and former non-exempt employees who worked for Defendants in the State of California at any time from March 20, 2015, through the present (the "Class")

     i. All current and former non-exempt employees who worked for Defendants in the State of California and who were paid two or more regular rates of pay in the same work week that overtime wages were paid, at any time from March 20, 2015, through the present ("Overtime Subclass").

     ii. All current and former non-exempt employees who worked for Defendants in the State of California at any time from March 20, 2015, through the present, who worked more than 5 hours in any shift ("Meal Period Subclass").

     iii. All current and former non-exempt employees who worked for Defendants in the State of California at any time from March 20, 2015, through the present, who worked 3.5 hours or more in any shift ("Rest Period Subclass").

18. **Numerosity and Ascertainability:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class are readily ascertainable by review of Defendants' records, including payroll records. Plaintiff alleges that Defendants: (a) failed to pay overtime at the correct rate of pay for all hours worked in violation of Labor Code §§ 510 and 1194; (b) failed to provide off-duty meal periods in violation of Labor Code §§ 226.7, 1174, 1198, and 1199; (c) failed to provide off-duty break periods in violation of Labor Code § 226.7; (d) failed to provide accurate, itemized wage statements in violation of Labor Code § 226; and (e) engaged in unfair business practices in violation of the UCL, the California Labor Code, and the applicable IWC Wage Orders.

19. **Adequacy of Representation**: The named Plaintiff is fully prepared to take all

necessary steps to represent fairly and adequately the interests of the Class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the Class and individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

20. Defendants uniformly administered a corporate policy, practice of: (a) failing to pay overtime at the correct rate of pay for all hours worked in violation of Labor Code §§ 510 and 1194; (b) failing to provide off-duty meal periods in violation of Labor Code §§ 226.7, 1174, 1198, and 1199; (c) failing to provide off-duty break periods in violation of Labor Code § 226.7; (d) failing to provide accurate, itemized wage statements in violation of Labor Code § 226; and (e) engaging in unfair business practices in violation of the UCL, the California Labor Code, and the applicable IWC Wage Orders.

21. **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendants: (a) failing to pay overtime at the correct rate of pay for all hours worked in violation of Labor Code §§ 510 and 1194; (b) failing to provide off-duty meal periods in violation of Labor Code §§ 226.7, 1174, 1198, and 1199; (c) failing to provide off-duty break periods in violation of Labor Code § 226.7; (d) failing to provide accurate, itemized wage statements in violation of Labor Code § 226; and (e) engaging in unfair business practices in violation of the UCL, the California Labor Code, and the applicable IWC Wage Orders.

22. **Typicality:** The claims of Plaintiff are typical of the claims of all members of the Class in that Plaintiff has suffered the harm alleged in this Complaint in a similar and typical manner as the Class members. Throughout her employment Plaintiff was often assigned multiple job duties. Plaintiff was paid at different rates of pay based on the tasks she performed, including, but not limited to, "General Labor," and other rates for "Carton Set-up." As an example, on February 17, 2016, Defendant paid Plaintiff $12.40 per hour for "2033 Bin Washer" duties, and also paid her $12.75 per hour for "2004 Carton Set-up" duties. On the same day, Defendant paid her the improper, averaged overtime wage of $18.60 per hour. During pay

periods when Plaintiff worked more than 8 hours a day or 40 hours in a week, Plaintiff's overtime wages were incorrectly calculated, and not based on an average of the regular rates of pay she received during said pay period. As a result of the above error, the wage statements issued to Plaintiff identified the wrong rate of pay for overtime wages. Moreover, at the end of each pay period, Plaintiff was required to pick up her paycheck and wage statement from Defendants during her meal or rest break. Attempts to pick up these items during work hours resulted in discipline. Furthermore, Plaintiff was not provided with a duty-free rest break of at least 10 minutes for shifts of 3.5 hours or longer because she was required to pick up her paycheck and wage statement during her rest periods. Members of the Class suffered the same or similar violations of their rights under the California Labor Code, and in the same manner as suffered by Plaintiff. As such, Plaintiff is a member of the Class and has suffered the alleged violations of California Labor Code §§ 226, 226.7, 510, 1174, 1194, 1197, 1198, and 1199, and the applicable IWC Wage Orders.

23. The California Labor Code and upon which Plaintiff bases these claims is broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

24. The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual Plaintiff with Defendants' vastly superior financial and legal resources. Requiring each Class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers

at subsequent employment.

25. The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class members against Defendants and which would establish potentially incompatible standards of conduct for Defendants, and/or (b) adjudications with respect to individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to the adjudications or which would substantially impair or impede the ability of the Class members to protect their interests.  Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

26. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action, for unpaid overtime, including interest thereon, unpaid meal and rest period premium pay, applicable penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 226, 226.7, 510, 1174, 1194, 1197, 1198, and 1199, the applicable IWC Wage Orders and Code of Civil Procedure § 1021.5.

27. Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is representative of, will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

28. The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants.  The Class is commonly entitled to restitution of those funds being improperly withheld by Defendants.  This action is brought for the benefit of the entire class and will result in the creation of a common fund.

## FIRST CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 510 AND 1194

**(BY PLAINTIFF AND THE CLASS AND OVERTIME SUBCLASS AGAINST ALL DEFENDANTS)**

29. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28 as though fully set forth herein.

30. This cause of action is brought pursuant to Labor Code §§ 510 and 1194, which require an employer to pay employees overtime at a rate of one and one-half the employee's regular rate of pay for any work in excess of eight hours in a workday or 40 hours in a workweek.

31. Defendants, as a matter of policy and practice, failed to pay Plaintiff and the Class overtime pay at the correct, higher regular rate of pay in violation of Labor Code §§ 510, 1194. Specifically, Defendants routinely assigned multiple job duties to Plaintiff and Class Members, at various rates of pay. As an example, on February 17, 2016, Defendants paid Plaintiff $12.40 per hour for "2033 Bin Washer" duties, and also paid her $12.75 per hour for "2004 Carton Set-up" duties. On the same day, Defendants paid her the improper, averaged overtime wage of $18.60 per hour. On information and belief, Class Members suffered from the same or similar violations. When Plaintiff and Class Members worked overtime, however, Defendants failed to calculate and/or factor the different rates of pay (for those employees with multiple job duties) into the regular rate of pay for purposes of calculating increased overtime pay. As a result of such policy and practice, Defendants regularly failed to pay Plaintiff and the Class proper overtime pay.

32. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 218.5, 510, 558, and 1194.

33. Plaintiff is informed and believes, and based thereon allege, that Defendants' willful failure to provide all overtime wages due and owing to Class Members upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

## SECOND CAUSE OF ACTION

## VIOLATION OF LABOR CODE §§ 226.7, 1174, 1198, AND 1199

## (BY PLAINTIFF, THE CLASS AND THE MEAL PERIOD SUBCLASS AGAINST ALL DEFENDANTS)

34. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 as though fully set forth herein.

35. At all relevant times, Defendants failed in their affirmative obligation to ensure that Plaintiff and Class Members had the opportunity to take and were provided with off-duty meal periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. At all relevant times, Plaintiff and Class Members were suffered and permitted to work through legally required meal breaks. This included, without limitation, Defendants requiring Plaintiff and Class Members to pick up their paychecks and wage statements during meal breaks. Plaintiff and Class Members were penalized if they attempted to pick up their paychecks and wage statements during work hours. As such, Defendants are responsible for paying premium compensation for missed meal periods pursuant to Labor Code § 226.7 and the applicable IWC Wage Order. Defendants, as a matter of corporate policy and procedure, regularly failed to pay such premium compensation for each meal period Plaintiff and the Class Members missed.

36. At all relevant times, Plaintiff and Class Members regularly worked in excess of five (5) hours per day and accordingly had a right to take a 30-minute meal period each day worked in excess of five (5) hours. As a pattern and practice, Defendants regularly required employees to work through their meal periods without proper compensation and denied Plaintiff and other employees the right to take proper meal periods as required by law.

37. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code §§ 226.7, 512, 1174, 1198, and 1199, and the applicable IWC Wage Order, including interest thereon, penalties, and costs of suit.

38. Plaintiff is informed and believes, and based thereon allege, that Defendants' willful failure to provide all meal period premium wages due and owing to Class Members upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

## THIRD CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 226.7

### (BY PLAINTIFF, THE CLASS AND THE REST PERIOD SUBCLASS AGAINST ALL DEFENDANTS)

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff and Class Members regularly worked shifts of three and one-half hours (3.5) hours or more per day and accordingly had a right to take a 10-minute rest period each day. Furthermore, Plaintiff and Class Members who worked shifts of seven and one-half (7.5) hours or more per day had a right to take a second 10-minute rest period.

41. Defendants failed in their affirmative obligation to provide all of their employees, including Plaintiff and Class Members, the opportunity to take rest periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. Plaintiff and Class Members were suffered and permitted to work through legally required rest breaks and were denied the opportunity to take their rest breaks. This included, without limitation, Defendants requiring Plaintiff and Class Members to pick up their paychecks and wage statements during rest breaks. Plaintiff and Class Members were penalized if they attempted to pick up their paychecks and wage statements during work hours. As such, Defendants are responsible for paying premium compensation for missed rest periods pursuant to Labor Code §226.7.

42. As a pattern and practice, Defendants regularly required employees to work through their rest periods without proper compensation and denied Plaintiff and their employees the right to take proper rest periods as required by law.

43. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code § 226.7, including interest thereon, penalties and costs of suit.

44. Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay employees who were not provided the opportunity to take rest breaks the premium compensation set out in Labor Code § 226.7 and that Plaintiff and those employees similarly situated are owed wages for the rest period violations set forth above.

45. Plaintiff is informed and believes and based thereon alleges Defendants' willful failure to provide Class Members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

## FOURTH CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 226

### (BY PLAINTIFF, THE CLASS AND SUB-CLASSES AGAINST ALL DEFENDANTS)

46. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45 as though fully set forth herein.

47. Defendants failed in their affirmative obligation to provide <u>accurate</u> itemized wage statements. Defendants, as a matter of policy and practice, did not provide accurate records in violation of Labor Code § 226 by failing to provide accurate payroll records for Plaintiff and the Class.

48. Here, Plaintiff and the Class were paid hourly, at pay rates based on the duties they were assigned. During pay periods when Plaintiff and the Class worked overtime, the regular rate of pay did not include an average of the assorted rates of pay for the purposes of paying overtime. Instead, the overtime rate of pay was based on the pay rate for only one type of duty. As an example, on February 17, 2016, Defendants paid Plaintiff $12.40 per hour for "2033 Bin Washer" duties, and also paid her $12.75 per hour for "2004 Carton Set-up" duties. On the

same day, Defendants paid her the improper, averaged overtime wage of $18.60 per hour. On information and belief, Class Members suffered from the same or similar violations. As such, the wage statements did not reflect accurate applicable hourly rates pursuant to Labor Code § 226(a)(9).

49. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

## FIFTH CAUSE OF ACTION
## VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.*
## (BY PLAINTIFF AND THE CLASSES AGAINST ALL DEFENDANTS)

50. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49 as though fully set forth herein.

51. Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, include, to wit, by: (a) failing to pay overtime at the correct rate of pay for all hours worked in violation of Labor Code §§ 510 and 1194; (b) failing to provide off-duty meal periods in violation of Labor Code §§ 226.7, 1174, 1198, and 1199; (c) failing to provide off-duty rest periods in violation of Labor Code § 226.7; and (d) engaging in unfair business practices in violation of the UCL, all in violation of the California Labor Code and applicable IWC Wage Orders.

52. Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

53. Plaintiff seeks, individually and on behalf of other members of the Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

54. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200, *et seq.*, including those set forth herein above thereby depriving Plaintiff and other members of the Class the minimum working condition standards and conditions due to them under the California laws and the applicable IWC Wage Orders as specifically described therein.

## SIXTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 2698, *ET SEQ.*

### (BY PLAINTIFF AND THE CLASSES AGAINST ALL DEFENDANTS)

55. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 54 as though fully set forth herein.

56. Plaintiff brings this cause of action on behalf as a proxy for the State of California and in this capacity, seeks penalties on behalf of all Aggrieved Employees from January 16, 2018, through the present, for Defendants' violation of Labor Code §§ 226, 226.7, 510, 1174, 1194, 1198, and 1199 based on the allegations set forth above.

57. On or about January 16, 2019, Plaintiff sent written notice to the California Labor & Workforce Development Agency ("LWDA") of Defendants' violations of Labor Code §§ 226, 226.7, 510, 1174, 1194, 1198, and 1199, pursuant to Labor Code § 2698 *et seq.*, the Private Attorney General Act ("PAGA"). To date, the LWDA has not responded to said Notice.

58. As such, pursuant to Labor Code § 2699(a), Plaintiff seeks recovery of any and all applicable civil penalties for Defendants' violation of Labor Code §§ 226, 226.7, 510, 1174, 1194, 1198, and 1199 for the time period described above, on behalf of herself and other Aggrieved Employees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as an individual and on behalf of all others that this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed Class;

2. For an order appointing Plaintiff as the representatives of the Class as described

herein;

3. For an order appointing counsel for Plaintiff as Class Counsel;

4. Upon the First Cause of Action, for damages and/or penalties pursuant to statute as set forth in California Labor Code §§ 218.5, 201-203, 510, 558, and 1194, and for costs and attorneys' fees;

5. Upon the Second Cause of Action, for damages and/or penalties pursuant to California Labor Code §§ 201-203, 226.7, 512, 558 and 1199, and for costs;

6. Upon the Third Cause of Action, for damages and/or penalties pursuant to California Labor Code §§ 201-203 and 226.7, and for costs;

7. Upon the Fourth Cause of Action, for damages or penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorneys' fees;

8. Upon the Fifth Cause of Action, for restitution to Plaintiff and other similarly affected members of the general public of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200, *et seq.*, for the time periods described above;

9. Upon the Sixth Cause of Action, for penalties pursuant to California Labor Code section 2698 *et seq.*, and for costs and attorneys' fees;

10. On all causes of action, for attorneys' fees and costs as provided by California Labor Code §§ 218.5, 226, 510, 558, 1194, 1197.1, and Code of Civil Procedure § 1021.5; and

11. For such other and further relief as the Court may deem just and proper.

DATED: May 20, 2019                DIVERSITY LAW GROUP, P.C.

By: */s/ Larry W. Lee*
    Larry W. Lee
    Kristen M. Agnew
    Nicholas Rosenthal
    Max W. Gavron
    Attorneys for Plaintiff and the Class

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES